RICHARD GERETY v. BRIDGET DONAHUE, LOUISA TALLIAFERRO, AND JAMES M. HONEY.

### No. 418.*

1. CREDITOR'S BILL—*Sufficient Petition.* Petition examined, and held to state a cause of action under section 501, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4579).

2. FINDINGS OF FACT—*Sufficient.* The findings of fact are in harmony with and support the judgment of the trial court.

_____
*Petition for order to certify denied by supreme court January 9, 1899.—REP.

Error from Atchison district court; W. D. WEBB, judge.     Opinion filed December 15, 1898.     Affirmed.

*Jackson & Jackson*, for plaintiff in error.

*C. D. Walker*, and *J. L. Berry*, for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by Richard Gerety against Bridget Donahue, Louisa Talliaferro and James M. Honey to have determined the interest of Bridget Donahue in the southeast quarter of section 15, township 6, range 19, and the northeast quarter of the southwest quarter of section 15, township 6, range 19, in Atchison county, and for the sale of such interest in satisfaction of a judgment which Gerety had previously recovered against Donahue in the sum of $645.84, with interest and costs of suit.

The defendants Donahue and Talliaferro filed an answer, in substance: (1) A general denial; (2) admitting the ownership of the lands; (3) allegations that by the will of the former owner, Thomas Donahue, since deceased, the lands were devised to Talliaferro, *nee* Donahue, in fee, subject to a life estate of Donahue and Talliaferro jointly; that the farm was the homestead of Donahue; that the estate of Donahue, deceased, was involved in liabilities, for the payment of which the lands were rented, and that plaintiff was not entitled to maintain his action for the reason that he had an adequate remedy at law. The reply was a general denial. The defendant Honey made default.

A trial was had by the court without a jury, and the court made special findings of fact and conclu-

sions of law and rendered judgment for defendants for costs. Plaintiff filed a motion for judgment on the findings of fact, and a motion for new trial, which motions were overruled, and he presents the case to this court for review. The testimony is not preserved in the record, but the case is presented to this court on the pleadings, findings of fact, and judgment.

There are but two questions presented by the record for determination, both of which must be answered in the affirmative. Does the petition state a cause of action? This action was brought under section 501 of chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4579), which reads:

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he may have in real estate as mortgagor, mortgagee, or otherwise, or any interest he may have in any banking, turnpike, bridge or other joint-stock company, or any interest he may have in any money, contracts, claims or choses in action, due or to become due to him, or in any judgment or decree, or any money, goods or effects which he may have in the possession of any person, body politic or corporate, shall be subject to the payment of such judgment by action, or as hereinafter prescribed."

The plaintiff Gerety for his cause of action alleged that on the 14th day of October, 1893, by the consideration of the district court of Atchison county, he recovered a judgment against the defendant Bridget Donahue in the sum of $645.84, and costs of suit; that an execution was issued, and returned unsatisfied for want of goods, property, lands or tenements of Donahue out of which the same could be collected; that defendants Donahue and Talliaferro were joint owners of a life estate in the lands with the remainder over to Talliaferro; that the real estate is a valuable farm,

12—8 KAN. APP.

improved and renting for large annual rental; that for the purpose of cheating, defrauding and preventing the plaintiff from collecting his judgment, by a conspiracy between the said defendants, Talliaferro is nominally in charge of the lands, collecting the rents, income and profits, appropriating the same to her own use and to the use of the defendant Donahue; that the defendant Donahue has an equity in the real property which is liable for the payment of plaintiff's judgment, which can only be sold and applied to the satisfaction of the plaintiff's judgment through an order and decree of this court; and that all of the defendants are insolvent, except as to the contingent interest in the lands hereinbefore described.

The petition shows the defendant Donahue to be a judgment debtor who has no personal or real property on which an execution can be levied sufficient to satisfy the plaintiff's judgment, and that she has an equitable interest in the lands described, and in the rents and profits arising therefrom in the hands of Talliaferro. The petition states facts sufficient to bring the parties within the provisions of the statute, and therefore states a cause of action.

Second. Did the trial court render the proper judgment on the findings of fact. The findings are, in substance, as follows:

Thomas Donahue and Bridget, his wife, who is one of the defendants herein, for years prior to December 17, 1887, owned and occupied as their home the southeast quarter of section 15, township 6, range 19, together with the northeast quarter of the southwest quarter of section 15, township 6, range 19, in Atchison county, which forty-acre tract adjoins the homestead, the whole forming a body of 200 acres. The family consisted of himself, his wife Bridget, and a daughter Louisa. Thomas Donahue died December

17, 1887, leaving a will whereby he devised the real estate to his daughter Louisa, subject to a joint use thereof by Bridget Donahue during her natural life, and subject also to the payment of $1500 to the other heirs.   The will was admitted to probate and Louisa was appointed administratrix with the will annexed. The estate is now in process of administration, and is indebted to a considerable extent.   Gerety, the plaintiff, on October 14, 1893, procured a judgment against Bridget Donahue in the district court of Atchison county for the sum of $645.84, and for costs, no part of which has been paid; and an execution was issued on the judgment before this suit was brought, and returned unsatisfied, for the want of property whereon to levy.   Prior to the death of Thomas Donahue, he rented the farm to two young men for a term ending March 1, 1893; the tenants occupied a part of the dwelling-house, Bridget Donahue and her daughter Louisa occupying the other part.   The defendant Donahue never surrendered the house or abandoned the farm as her home.   Louisa Donahue, now Talliaferro, occupied the dwelling with her mother until August, 1889, when she, with her husband, removed to other lands not far away.   The defendant Donahue nursed her codefendant Talliaferro, at the latter's home, during a sickness, from September, 1889, until the spring of 1890, when she returned to her own home.   At that time a Mrs. Asher, widowed daughter of Donahue, with her son, made her home with the defendant Donahue until the summer of 1891.   The defendant Donahue has ever continued to live at the old home, occupying it as her homestead.   Sometimes she visits her children and then returns to her home. The defendant Talliaferro has collected the rents of the farm from March 1, 1888, including 1893, in the sum of about $2400, and has regularly accounted to the defendant Donahue for one-half thereof.   In March, 1893, the defendant Donahue and Talliaferro rented the farm one year to their codefendant, Honey, for $450, for which he gave one note due October, 1894, for $225, and one note due December, 1894, for $225, payable to Louisa Talliaferro as administratrix.   Honey

was given the possession of the house, except one room, which was reserved for Donahue as her home, and in which she stored her furniture and household goods for the purpose of such occupancy, and since that time she has visited from time to time among her children, returning to her home at intervals, and always intending to hold the same as a home and dwelling-place. In March, 1894, Talliaferro sold, transferred and negotiated the rental note of Honey first falling due and turned the proceeds thereof over to Donahue for her support. The defendants Talliaferro and Honey did not jointly or severally, at the commencement of this suit, or at any time since, have in their hands or under their control any money, property or effects belonging to their codefendant Donahue.

The trial court properly rendered judgment on the findings of fact for the defendants. The interest of Donahue in the property was undetermined, contingent, and remote, and the plaintiff could take nothing by reason of his suit on the findings.

The judgment must be affirmed.