## HANNAH v PIXLEY

Ohio Appeals, 4th Dist, Scioto Co
Decided Dec 12, 1930

William J. Meyer, Portsmouth, for Hannah.

James S. Thorpe, Portsmouth, for Pixley.

**MIDDLETON, P. J.**

It might be well to say that the first cross petition filed herein averred that the defendants were obliged to construct a new right of way from the public highway to the premises at a cost of $1,200 and that they had been damaged in the sum of $2,000, and asked judgment in the amount of said damages and cost of procuring the new right of way in the sum of $3,200 less the aggregate due the plaintiff for rental. To this original cross petition a general demurrer was sustained and the defendants then filed the amended cross petition as aforesaid.

It would seem that a mere statement of the operative facts found in the pleadings aforesaid would be sufficient to justify an affirmance of the judgment of the court below in sustaining a general demurrer to the amended cross petition. When the defendants invoked the equitable powers of the court to order a rescission of this lease nearly two years had elapsed from the date of the lease and the defendants were in arrears for rental in the sum of $375, covering a period of one year and a half. It is a well settled principle of equitable jurisprudence that if a party has a right to rescind a contract he must exercise such right within a reasonable time. **Cincinnati v. Electric Co., 9 O. D. 438, 440; Spahr v. Building Assn., 13 O. D. 128.** See also **Mills v. Osatomie, 55 Pac. 476,** and **Winfield v. Water Co., 51 Kan. 74.**

> "One who seeks to rescind must act promptly upon the discovery of the facts which he claims entitle him to a rescission and take no steps in affirmance of the contract."

**Grant Marble Co. v. Abbott, 142 Wis. 279, 124 N. E. 264.**

The acts of the defendants violate all the conditions of this rule. They failed to act promptly, and according to their original cross petition they affirmed the contract after they discovered the real situation by procuring another access to the property, for the cost of which they undertook to recover damages.

There is another rule of equity which we think should be applied in this case and which clearly prevents the court from granting any equitable relief to the lessees. It appears from their pleading that this right of way was from a main highway to the premises leased. It would have been an easy matter for the lessees to have investigated and found under what right the right of way was being used, and to an ordinarily prudent person the necessity of so ascertaining would seem to be apparent. It would be an unusual situation if a right of way such as described in the petition should be considered a public right of way and one which the public controlled. It is a settled rule of equity that a mistake which results from the negligence of the party complaining furnishes no ground for a rescission of the contract. It is held in the case of **Crynes v. Sanders, 93 U. S. 55,** that

> "A mistake, to be available in equity, must not have arisen from negligence where the means of knowledge were easily accessible. A mistake which was the result of want of proper diligence is not sufficient."

There are no claims in this cross petition that the lessor was guilty of any fraud or misrepresentation in procuring the lease, and could not be when it is further contended that the lease was made under a mutual mistake of both parties. We do not undertake to hold that the lessees were required in their cross petition to negative any lack of diligence on their part, but we

do conclude from the facts stated in the cross petition that a presumption of negligence is plainly shown because of their failure in taking this property without any investigation of the matter of whch they now complain.

We conclude that for the foregoing reasons, either one of which is sufficient, the trial court did not err in sustaining the demurrer to the amended cross petition and rendering judgment on the pleadings in favor of the plaintiff for the amount claimed.

We might add, as observed in **Crynes v. Sanders, supra,** a court of equity will not rescind a contract unless the parties may be put in statu quo. That means in the instant case that until the lessees pay the rent which has accrued and is now due on the leased premises they can have no standing in a court of equity on an application for a rescission of the lease.

Mauck and Blosser, JJ, concur.